IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JANE DOE, a minor, by and through her
next of friends, Daniel Magee and
Geneva Magee, DANIEL MAGEE,
individually, and GENEVA MAGEE, individually          PLAINTIFFS

v.                                        CIVIL ACTION # 2:08cv204-KS-MTP

COVINGTON COUNTY SCHOOL DISTRICT, by
and through its Board of Education and its President,
Andrew Keys and its Superintendent of Education,
I.S. Sanford, Jr.; COVINGTON COUNTY
SUPERINTENDENT OF EDUCATION, I. S. SANFORD
officially and in his individual capacity; COVINGTON
COUNTY BOARD OF EDUCATION, by and through
its President, Andrew Keys; ANDREW KEYS,
officially and in his individual capacity; TOMMY
KEYES; and OTHER UNKNOWN JOHN DOE
AND JANE DOE EDUCATION DEFENDANTS A-Z,
also in their official and individual capacities          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motions to amend judgment [Doc. #31] or to reconsider judgment [Doc. #32] filed by the Plaintiffs. The motions ask the Court to amend or reconsider its April 27, 2009, Memorandum Opinion and Order which granted the Defendants' motion to dismiss. [Doc. #29]. For reasons to follow, the instant motions should be **denied**.

## I. BACKGROUND

The Court set forth the factual and procedural history of this case in its April 27, 2009, Memorandum Opinion and Order.[1]

---

[1] *Doe ex rel. Magee v. Covington County School Dist.*, No. 2:08-CV-204, 2009 WL 1137969 (S.D.Miss. Apr. 27, 2009).

> Defendant Tommy Keyes checked Plaintiff Jane Doe out from her public elementary school on six occasions to molest, rape, and sodomize her. Compl. at ¶¶ 1-2 [Doc. #1] (September 11, 2008). Although Keyes bares no relation to Doe, he was permitted to check her out of the Covington County Elementary School (the "School") on each occasion and to return her to the school after raping her. Compl. at ¶ 1. The School kept a "Permission to Check-out Form" containing the names of those individuals permitted to check Doe out of the School. *Id.* However, pursuant to established policy, the form was never consulted to determine whether Keyes was an authorized individual with respect to Doe. *Id.* Nor did any school employee ever attempt to verify Keyes' identity before relinquishing custody of Doe to him. *Id.* Accordingly, Keyes (who is not related to Doe) was able to sign Doe out of the School on the "Student Checkout Form" while representing himself to be different persons on different occasions. *Id.* For example, Keyes signed as Doe's father on several occasions and signed once as Doe's mother. *Id.* Each of these instances occurred between September 2007 and January 2008, when Plaintiff Jane Doe was nine years old. *Id.*
>
> Doe and her parents, Daniel and Geneva Magee, filed suit against Covington County, Mississippi; Covington County School District; I.S. Sanford, Covington County Superintendent of Education; Tommy Keyes; and other unknown Defendants.[2] Compl. at ¶¶ 12-17. Plaintiffs allege claims under 42 U.S.C. §§ 1983 and 1985, and under Mississippi tort law. Concerning the §§ 1983 and 1985 claims, Plaintiffs allege that the "Education Defendants" implemented a policy which violated Doe's constitutional rights under the Due Process Clause.

Opin. at 2-3 [Doc. #29].

This Court held that Plaintiff Doe had no substantive due process right to protection from the Covington Defendants against the threat posed by Defendant Keys. *Id.* at 17. As the Plaintiffs' federal claims were all contingent on the existence of such a right, the Court dismissed the federal claims on the basis of the Covington Defendants' qualified immunity. *Id.* at 19. The Court ordered the federal claims to be dismissed with prejudice and ordered the claims arising under state law to be dismissed without prejudice so that the Plaintiffs could continue to seek restitution in state court. *See id.*

---

[2] In prior orders, the Court dismissed the following Defendants: Covington County, Mississippi [Doc. #14]; Mississippi Department of Education [Doc. #23]; and Hank Bounds [Doc. #23].

In the instant motions, the Plaintiffs ask the Court to amend and/or reconsider its Memorandum Opinion and Order for the following reasons:

    A.    Accepting Plaintiffs' factual allegations as true and reviewing those facts in the light most favorable to them, the Plaintiffs can prove that the Defendants owed a constitutional duty to the Plaintiff, Jane Doe, under a "municipal liability" theory which entitles her to relief under 42 U.S.C. § 1983, and the Court's Judgment and Memorandum Opinion and Order is silent on the issue; and

    B.    Based on the United States Supreme Court's Opinion in *Wilson v. Layne*, 526 U.S. 603 . . . (1999), and the Fifth Circuit's Opinion in *Breen v. Texas A&M University*, 485 F.3d 325 (5th Cir. 2007), the right of Plaintiff to be free from state occasioned damage to a person's bodily integrity was clearly established at the time the Plaintiff was viciously and repeatedly raped.

Pl.s' Mot. at 2 [Doc. #31].

## II. STANDARD OF REVIEW

A motion challenging a court's prior judgment on the merits, will be treated as either a motion "to alter or amend" under rule 59(e) or a motion for "relief from judgment" under Rule 60(b), Federal Rules of Civil Procedure. The proper denomination of the motion is determined by the time within which the motion is served. If the motion is served within ten days of the rendition of judgment, it falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b). *See Ford v. Elsbury*, 32 F.3d 931, 937, n.7 (5th Cir. 1994). Because the Plaintiffs' motions were filed on May 5, 2009, less than ten days after the final judgment, they will be treated as Rule 59(e) motions to alter or amend. *See generally* FED. R. CIV. P. 59(e).[3]

"A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to

---

[3] The Plaintiffs' motions expressly seek relief "pursuant to Federal Rule 52, 59, and 60(b)(6)." Pl.s' Mot. at 1.

raise arguments which could, and should, have been made before the judgment issued.'"
*Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (*quoting Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)). Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

## III. APPLICATION AND ANALYSIS

### A. The State-Created-Danger Exception

The Court addresses first the Plaintiffs' contention that this Court erred when it concluded that the state-created-danger exception "is of no assistance to the Plaintiffs" because, *inter alia*, the Fifth Circuit has never found liability based on the exception. Opin. at 7-8 [Doc. #29]; *see generally McClendon v. City of Columbia*, 305 F.3d 314, 334 (5th Cir. 2002) (Parker, J., dissenting) ("The only way to explain the majority opinion is that it clearly reflects a court that aspires to be the only circuit in the country to reject the state-created danger theory but cannot bring itself to admit it."); *Doe v. Hillsboro Indep. Sch. Dist.*, 113 F.3d 1412, 1415 ("we have never sustained liability on this ground.").[4]

---

[4] Arguably, a panel of the Fifth Circuit has established that plaintiffs have a substantive due process right to be free from bodily injuries caused by state-created dangers. *See Scanlan v. Texas A&M University*, 343 F.3d 533 (5th Cir.2003). In *Breen v. Tex. A&M Univ.*, 485 F.3d 325, 337 (5th Cir. 2007), the Fifth Circuit interpreted *Scanlan* to have established the theory's viability in this circuit. However, the portion of the *Breen* opinion that interpreted *Scanlan* thusly was subsequently withdrawn. *Breen v. Tex. A&M Univ.*, 494 F.3d 516 (5th Cir. 2007). Moreover, several other Fifth Circuit panels have interpreted *Scanlan* contrarily. *See Rios v. City of Del Rio*, 444 F.3d 417, 422-23 (5th Cir. 2006) (suggesting that *Scanlan* did not adopt state-created danger theory because " nowhere in the opinion does the court expressly purport to approve that theory"); *Beltran v. City of El Paso*, 367 F.3d 299, 307 (5th Cir. 2004) (citing *Scanlan* for the proposition that "[t]his court has consistently refused to recognize a 'state-created danger' theory of § 1983 liability even where the question of the theory's viability has been squarely presented"); *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 249 n. 5 (5th Cir. 2003) (noting of *Scanlan* that "[d]espite remanding that case to the district court for further

The Plaintiffs argue that the Court's holding in this regard was erroneous because it ignored the fact that a right can be clearly established by virtue of "a consensus of cases of persuasive authority." *See Wilson v. Layne*, 526 U.S. 603, 616-17 (1999). This argument is without merit because this Court explained that "[e]ven if . . . the exception were recognized in this circuit, enabling the Plaintiffs to allege a 'clearly established' right to protection in such circumstances, the facts alleged in this case do not meet the elements of the theory." Opin. at 7-8 [Doc. #29]. The Court reviewed the elements of the theory and applied them to the Plaintiffs' factual allegations, concluding that the Plaintiffs had not alleged facts meeting the theory's elements. *Id.* To the extent the Plaintiffs disagree with the Court's conclusion that the theory's elements have not been satisfied, the Court holds that the Plaintiffs have not established a manifest error of law or fact but instead are re-raising arguments that the Court has already rejected.

**B. Municipal Liability Under 42 U.S.C. § 1983**

Turning to the Plaintiffs' second argument, the Plaintiffs contend that the Court failed to consider their viable claim against the Defendants "under a 'municipal liability' theory which entitles [Plaintiffs] to relief under 42 U.S.C. § 1983." Pl.s' Mot. at 2. This contention is also without merit.

"[S]ection 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 450 (5th Cir.1994). "[M]unicipal liability may be imposed when (1) the enforcement of a municipal policy or custom was (2) 'the moving force' of the violation of *federally protected*

---

proceedings, we did not recognize the state created danger theory").

*rights.*" *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998) (emphasis added). In other words, "[w]ithout an underlying constitutional violation, an essential element of municipal liability is missing." *Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997).

This Court's Memorandum Opinion and Order explained in detail its reasoning for concluding that Plaintiff Doe had no substantive due process right to protection by the Covington Defendants. Opin. at 5-17 [Doc. #29]. As the Court explained, "courts have recognized two scenarios in which a right to governmental protection can obtain." Opin. at 7 [Doc. #29]. This Court reviewed both the state-created-danger exception and the special relationship exception and concluded that "the Defendants had no constitutional obligation to protect Doe against dangers posed by non-state actors." *Id.* at 5-17. Because the victimization of Doe in this case, as horrendous as it appears to have been, did not violate her constitutional rights, "an essential element of municipal liability is missing." *Becerra*, 105 F.3d at 1048. As a result, the Plaintiffs' claims under a theory of municipal liability fail as a matter of law.

## IV. CONCLUSION

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Plaintiffs' motions to amend judgment [Doc. #31] or to reconsider judgment [Doc. #32] are **denied**.

SO ORDERED AND ADJUDGED on this, the 7th day of May, 2009.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE